UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10200-NMG

|  |  |
|---|---|
| ROBERT K. WATSON, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| NORTHERN STATES INSURANCE AGENCY, INC., DRISCOLL PEARCE, INC., and ARTHUR P. PEARCE, III, | ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S MOTION FOR REMAND OF IMPROPERLY REMOVED CASE AND FOR JUST COSTS AND EXPENSES, INCLUDING ATTORNEY'S FEES, INCURRED DUE TO THE IMPROPER REMOVAL**

**Oral Argument Requested**

Robert K. Watson, the plaintiff herein, hereby moves, pursuant to § 1447(c) of Title 28 of the United States Code, for an order of this Court directing:

(1) that this case be remanded in full to Norfolk County Superior Court, as its removal is expressly barred by § 1441(b) and § 1446(b) of Title 28; and

(2) that the defendants pay the plaintiff his just costs and expenses, including attorney's fees, incurred as a result of the improper removal of this case.[1]

---

[1] Under Local Rule 7.1(a)(2), plaintiff's counsel sought consent to remand this action by letter to the defendants' counsel, Christopher M. Tremblay, Esq., dated February 8, 2005. The undersigned explained the basis for this motion, but Mr. Tremblay never responded.

1

1128571v1

## FACTUAL BACKGROUND

The plaintiff filed suit against the defendants, Northern States Insurance Agency, Inc. ("Northern States"), Driscoll Pearce, Inc. ("Driscoll Pearce") and Arthur P. Pearce, III ("Pearce") on September 30, 2004 in the Norfolk County Superior Court for the Commonwealth of Massachusetts. *See* Complaint. The underlying dispute between the parties is grounded in contract law. Id. There are no federal questions of law presented in this action. Id.

The plaintiff is a resident of the Commonwealth of Massachusetts. Id. Both Northern States and Driscoll Pearce are domestic Massachusetts corporations. Id.; Affidavit of Charles A. Cook, Esq. ("Cook Affidavit") at ¶4 and Exhibit 1 thereto. At the time the defendants' attorney sought removal of this action, he was aware that at least some of the defendants were citizens of the Commonwealth of Massachusetts; he even indicated his awareness of such on the Civil Action Cover Sheet filed with this Court.[2] Cook Affidavit at ¶5 and Exhibit 2 thereto. Defendants' counsel further acknowledged the Massachusetts citizenship of Northern States and Drisoll Pearce in his Motion for Honorable Court's Permission Allowing Out of State Counsel to Appear on Their Behalf filed with the Norfolk County Superior Court whereby he stated "Defendants Northern States Insurance Agency, Inc. and Driscoll Pearce, Inc., ***both currently or formally*** Massachusetts Corporations respectfully requests…" (emphasis added). *See* Motion for Honorable Court's Permission Allowing Out of State Counsel to Appear on Their Behalf.[3] Id. ¶6 and Exhibit 3 thereto.

---

[2] The plaintiff has a good faith belief that Pearce himself is, in fact, a Massachusetts resident. The petition to remove asserts that Pearce is a resident of New Hampshire and Pearce has submitted an affidavit in support of the petition verifying the accuracy of all factual allegations therein. However, Pearce stated in his most recent filing with the Massachusetts Secretary of the Commonwealth that he maintained a residence or office at 303 Centre Lane, Walpole, Massachusetts. Moreover, publicly available phone records show that Pearce maintains a phone listing at 303 Centre Lane, Walpole, Massachusetts. Cook Affidavit at ¶9 and Exhibits 1 and 6 thereto.
[3] Mr. Tremblay's motion seeking permission to appear on the defendants' behalf raises another important preliminary issue as to the proprietary of seeking removal as he is neither admitted to the state bar of Massachusetts

Finally, Pearce alone filed a Notice of Removal and Petition to Remove on January 11, 2005. *See* Notice of Removal and Petition to Remove. The plaintiff served the Summons and Complaint on Pearce, individually, and on Mary D. Pearce, as an officer of both Northern States and Driscoll Pearce, by certified mail – return receipt requested. Cook Affidavit at ¶7. All defendants received the Summons and Complaint on December 10, 2004. Id. at ¶7 and Exhibit 4 thereto. The petition to remove was filed on January 11, 2005. Id. at ¶8 and Exhibit 5 thereto.

## ARGUMENT

### I. REMOVAL OF THIS ACTION WAS IMPROPER.

#### A. This Court Does Not Have Subject Matter Jurisdiction over This Action.

Federal courts have jurisdiction to hear cases that involve federal questions of law or complete diversity of citizenship between party-opponents. Specifically, 28 U.S.C.S. §1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if **none of** the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

(Emphasis added.)

##### 1. *There are no questions arising under federal law in this action.*

Even a quick perusal of the Complaint in this action clearly shows that the underlying causes of action are rooted in Massachusetts statutory and common law. There are no issues that arise under the U.S. Constitution, any federal treaties or any federal laws. As such, removal in

---

nor is he admitted to the bar for the U.S. District Court for the District of Massachusetts and therefore has no basis for representing the defendants before this Court.

this action would only be proper if there were complete diversity of citizenship. As discussed in greater detail below, there is none.

    2.    *There is no complete diversity of citizenship*.

In determining the citizenship of corporate parties, federal law provides a simple and straightforward rule: A corporation is citizen of both the state of its incorporation and state of its principal place of business. 28 U.S.C.S. §1332(c); *College-Town v. U.S. Tradewinds, Inc.*, 1986 U.S. Dist. LEXIS 26005, 2-4 (D. Mass. 1986).

Both Northern States and Driscoll Pearce are domestic Massachusetts corporations. Counsel for the defendants has acknowledged this fact in submissions he has made to both this Court and the Norfolk County Superior Court. Counsel for the defendants has also acknowledged this in the Civil Action Cover Sheet filed with this Court with the petition for removal. Any first year law student knows that diversity of citizenship is not met if any of the defendants is a resident of that state in which the action has been brought.

Because this action presents no questions arising under federal law and there is no complete diversity, this Court does not have subject matter jurisdiction over this action and must remand it to the originating court in Norfolk County.

    **B.**    **Even If This Court Had Subject Matter Jurisdiction, Removal Is Improper under 28 U.S.C.S. § 1446.**

28 U.S.C.S. §1446(b) provides in relevant part that:

> The notice of removal of a civil action or proceeding ***shall be filed within thirty days*** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based… (emphasis added).

Furthermore, all defendants must join in the petition to remove. *Karpowicz v. Blue Cross & Blue Shield of Massachusetts, Inc.*, 1996 U.S. Dist. LEXIS 13541, 9-10 (D. Mass. 1996).

Pearce has failed to adhere to the procedure for removal in both respects. In the first respect, Pearce's petition for removal was filed after the 30-day removal period. The Summons and Complaint were received by all defendants on December 10, 2004. Pearce's petition was filed with this Court on January 11, 2005. Courts have already determined that the 30-day removal period must be strictly construed. *Karpowicz*, 1996 U.S. Dist. LEXIS 13541, 8. As such, removal is improper as the defendants have failed to properly bring this action before the Court.

In the second respect, only Pearce has petitioned for removal. It is a well-established rule that in a case where there are multiple defendants, all of them must join in the removal petition. *Id.* at 9. While courts have recognized three exceptions to this rule[4], none of these exceptions applies to the present case. All three defendants received notice of the plaintiff's Complaint on the same day. None of them are nominal parties. None have expressed any independent claims that would be separately removable. Pearce's failure to properly remove this action pursuant to 28 U.S.C.S. §1446 is clear and warrants remand.

## II.  THE PLAINTIFF IS ENTITLED TO HIS REASONABLE ATTORNEY'S FEES AND COSTS DUE TO THE IMPROPER REMOVAL OF THIS ACTION BY PEARCE AND THE DEFENDANTS' ATTORNEY.

It is quite obvious that Pearce's petition for removal fails for a number of reasons, not the least of which being that it was known by Pearce at the time Pearce's counsel filed the petition with this Court that diversity jurisdiction unquestionably did not exist. Because the plaintiff has incurred costs in having to respond to a baseless petition, especially after attempting to confer

---

[4] Those three exceptions are as follows: First, nominal parties are not required to join in the removal petition. Second, defendants are not required to join in the petition if they have not yet been served with process at the time the petition is filed. Third, independent claims or causes of action may be removed separately under 28 U.S.C. § 1441(c). *Id.*

with the defendants' counsel and have him withdraw the petition, the plaintiff is entitled to an award of his attorney's fees and costs as permitted under 28 U.S.C.S. §1447(c).

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. It is within the court's discretion to award costs and actual expenses pursuant to 28 U.S.C. § 1447(c). Bad faith is not a necessary condition for such an award under this statute. [Citations omitted.] ***It is appropriate to make such an award when removal was obviously improper.*** (emphasis added)

*Net 2 Press, Inc. v. Nat'l Graphic Supply Corp.*, 324 F. Supp. 2d 15, 19 (D. Me. 2004).

The submission of the Civil Action Cover Sheet as completed by the defendants' counsel indicates that at the time of filing, Pearce and his attorney understood that several of the defendants were residents of Massachusetts. There could be no clearer expression of their understanding of these facts. Yet, despite this understanding and a subsequent letter by the plaintiff's counsel pointing out their deficiency in complying with the federal removal statutes, Pearce and his attorney have refused to withdraw their petition. Under 28 U.S.C.S. §1447(c) and Rule 11 of the Federal Rules of Civil Procedure, the actions of both Pearce and his attorney are sanctionable and warrant an order awarding the plaintiff his costs and expenses in moving for remand. 28 U.S.C.S. §1447(c); *State of Wisconsin v. Missionaries to Preborn*, 798 F. Supp. 542, 544 (E.D. Wis. 1992) [§ 1447(c) permits the issuance of an order awarding "just costs and actual expenses" to be paid either by the defendants, by their attorneys, or by both the defendants and their attorneys, jointly and severally]; Fed. R. Civ. P. 11.

## CONCLUSION

Every first year law student engages in thorough study of the jurisdiction of federal courts and the rules governing removal and remand. These are not arcane rules of law with haphazard application. Rather, these rules are simple and straightforward, widely studied and consistently

applied. Federal courts are permitted to retain jurisdiction only over those civil cases that involve federal questions of law or where there is complete diversity of citizenship. There are no federal questions raised in the Complaint, and at least two of the defendants are residents of Massachusetts. Removal must be made within thirty (30) days of receipt of the complaint. Pearce and his attorney missed that deadline. All defendants must join in the request for removal. Northern States and Pearce Driscoll were not included in Pearce's petition. At every step of the removal process, Pearce and his attorney have ignored the rules and requirements set forth in the federal statutes and the Federal Rules of Civil Procedure. Removal was clearly improper and has resulted in a delay in the state action, wasted this Court's time and resources and caused the plaintiff to expend time and resources to seek remand. For all of the foregoing reasons, the plaintiff respectfully requests that this Court remand this action to Norfolk County Superior Court and award the plaintiff his reasonable costs and expenses, including attorney's fees.

## REQUEST FOR ORAL ARGUMENT

The plaintiff hereby requests, pursuant to Local Rule 7.1(D), that this Court hold oral argument on this motion.

Respectfully submitted,
ROBERT K. WATSON, Plaintiff,
By his attorneys,

MORRISON MAHONEY LLP

_____
Charles A. Cook, Esq. (BBO # 097580)
250 Summer Street
Boston, MA  02210
Tel.: (617) 439-7500

Dated: March 3, 2005

1128571v1

## CERTIFICATE OF SERVICE

I, Charles A. Cook, hereby certify that I served a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR REMAND OF IMPROPERLY REMOVED CASE AND FOR JUST COSTS AND EXPENSES, INCLUDING ATTORNEY'S FEES, INCURRED DUE TO THE IMPROPER REMOVAL**, by mailing a copy postage prepaid to the following counsel of record:

> Christopher M. Tremblay, Esquire
> Law Office of Christopher M. Tremblay
> 10 Wildemere Terrace
> Concord, NH 03301

DATED: March 3, 2005

_____
Charles A. Cook

1128571v1

8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10200-NMG

| | |
|---|---|
| ROBERT K. WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NORTHERN STATES INSURANCE AGENCY, INC., DRISCOLL PEARCE, INC., and ARTHUR P. PEARCE, III, | ) ) ) ) |
| Defendants. | ) ) |

### AFFIDAVIT OF CHARLES A. COOK

1. I am an attorney, with offices located at 250 Summer St., Boston, Massachusetts 02210. I am duly licensed to practice law in the Commonwealth of Massachusetts.

2. I am a partner at the law firm of Morrison Mahoney LLP.

3. I make this Affidavit based upon my own personal knowledge, information and belief, and so far as facts are stated upon information and belief I believe them to be true.

4. Prior to filing the complaint in this action, I researched the online database maintained by the Massachusetts Secretary of the Commonwealth to determine whether Northern States Insurance Agency, Inc. ("Northern States") and Driscoll Pearce, Inc. ("Driscoll Pearce") were residents of Massachusetts. Attached as Exhibit 1 is a true and correct copy of the data maintained by the Massachusetts Secretary of the Commonwealth with respect to these entities, indicating that they are, in fact, domestic corporations of Massachusetts.

5. At the time the defendants' attorney sought removal of this action, he was aware that at least some of the defendants were citizens of the Commonwealth of Massachusetts; he even indicated his awareness of such on the Civil Action Cover Sheet filed with this Court, a true and correct copy of which is attached hereto as Exhibit 2.

1

1129254v1

6. Defendants' counsel further acknowledged the Massachusetts citizenship of Northern States and Driscoll Pearce in his Motion for Honorable Court's Permission Allowing Out of State Counsel to Appear on Their Behalf filed with the Norfolk County Superior Court whereby he stated "Defendants Northern States Insurance Agency, Inc. and Driscoll Pearce, Inc., **both currently or formally** Massachusetts Corporations respectfully requests…" (emphasis added). A true and correct copy of the Motion for Honorable Court's Permission Allowing Out of State Counsel to Appear on Their Behalf is attached hereto as Exhibit 3.

7. The Summons and Complaint were served on Arthur P. Pearce, III, individually, and on Mary D. Pearce, as an officer of both Northern States and Driscoll Pearce, by certified mail – return receipt requested. All defendants received the Summons and Complaint on December 10, 2004. True and correct copies of the returns of service for the defendants are attached hereto as Exhibit 4.

8. The petition to remove was filed on January 11, 2005. A true and correct copy of the online civil docket for this matter is attached hereto as Exhibit 5.

9. Defendant, Arthur P. Pearce, III stated in his most recent filing with the Massachusetts Secretary of the Commonwealth that he maintained a residence or office at 303 Centre Lane, Walpole, Massachusetts. *See* Exhibit 1. Moreover, as shown on the attached Exhibit 6, publicly available phone records show that Arthur P. Pearce, III maintains a phone listing at 303 Centre Lane, Walpole, Massachusetts.

10. By letter to the defendants' counsel, Christopher M. Tremblay, Esq., dated February 8, 2005, I sought consent to remand this action. I explained the basis for this motion to remand but Mr. Tremblay did not respond. A true and correct copy of the February 8, 2005 letter to Mr. Tremblay is attached hereto as Exhibit 7.

Signed under the pains and penalties of perjury this 3rd day of March, 2005.

/Charles A. Cook